### No. 285
### ANDERSON et. v. CLAUS MFG. CO.

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5344. Decided Dec. 15, 1924.

492. EXPLOSIONS—Of failure to comply with ordinance in requesting permit, without further proof of non-compliance therewith, does not render defendant liable for damages from explosion in its plant, to adjoining property.

480. EVIDENCE—Proof of origin of explosion need not be of a direct or positive nature.

LEVINE, J.

The Claus Manufacturing Co. was engaged in the business of manufacturing office and store furniture. On Feb. 17, 1922, a series of violent explosions occured after which the home of Grace Anderson, which was near the plant, caught fire and was destroyed. Anderson brought an action in the Cuyahoga Common Pleas seeking to recover damages for the destruction of the house.

She alleged that the Claus Co. kept and stored for use in its business, large quantities of turpentine, benzine, naptha, alcohol, etc., said substances being of an explosive and combustible nature, that the above mentioned substances were kept and stored in violation of a city ordinance. The ordinance is substantially, "that where combustible products of benzine, turpentine, gunpowder, explosive compounds are kept for sale or storage a permit must be applied for and issued by the chief of the fire department, if condition of the building is satisfactory." "The portion of the building wherein the combustible substances are to be kept shall be by him designated."

Anderson claimed that these substances were kept in a room with oil-soaked rags and no permit had been applied for, that spontaneous combustion was the result of the condition, causing the explosion which was followed by fire and destruction of her home.

The Claus Co. contended that a spontaneous combustion could not cause an explosion at-

tended by such force and violence as in the present case. It offered testimony that, a few minutes before the explosion occured, two men had driven up to the plant and had carried something into the plant, reappearing and rapidly driving away. The explosion followed a few minutes later. The jury in the Common Pleas returned a verdict in favor of the Claus Co., and judgment thereon was rendered.

Error was prosecuted and Anderson assigns error for the refusal of the court to charge as requested by her, and the charges made in favor of the Claus Co. She contends that "an inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence," and the court refused to charge the jury applying this principle, that if from the evidence the jury must infer that the can carried by two men into the plant contained an explosive, then upon this inference no further inference could be built. Sobolovitz v. Lubric Oil Co., 107 OS. 204 cited. The Court of Appeals held:

1. It does not follow that because the Claus Co. did not obtain a permit that it was guilty of violation of other provisions in the ordinance. Court's charge, "that if no evidence was offered to show that failure to receive permit was proximate cause of explosion Anderson's claim in this respect should be disregarded," is upheld.

2. If explosions were caused by means of high explosives which the company never had in store, the inference that they came from an outside source is unavoidable.

3. Evidence need not be of a direct or positive nature. Oftentimes negative testimony is far more reliable and eloquent than the most positive or direct statement.

Attorneys—Hedrick & Hedrick for Anderson; Tolles, Hogsett, Ginn & Morley for Claus Mfg. Co; all of Cleveland.